[Civ. No. 2857. First Appellate District, Division One.—March 18, 1919.]

JOSEPHINE O. SCHUTZER, Respondent, v. EDWARD F. TAYLOR, Executor, etc., Appellant.

[1] Pleading—Conversion—Title—Striking Out Second Defense—When not Prejudicial.—Where, in an action for damages for the conversion of personal property, the matter of plaintiff's title to the property is fully covered and put in issue by the allegations of the complaint and the first defense pleaded, and the court makes a finding thereon, the defendant is not prejudiced by a ruling of the court sustaining a general demurrer to a second defense pleaded which only puts in issue the same matter.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. W. Kitts for Appellant.

R. L. Husted for Respondent.

KERRIGAN, J.—This is an appeal by defendant from a judgment in an action for damages for the conversion of personal property, and is taken on the judgment-roll alone.

The defendant in an amended answer alleged two distinct matters of defense. To the second of those defenses the trial court sustained a general demurrer, and it is upon the action of the court in this and one other matter that the defendant bases his appeal.

In the so-called second matter of defense the defendant alleges that Michael C. Taylor, his testator, was fraudulently induced to contribute to the support of Emma Onken during his lifetime, and was also fraudulently led to believe that unless he made some provision for her after his death she would be in want of the common necessaries of life; that accordingly he caused a certificate for sixteen shares of the capital stock of the Spring Valley Water Company (which is the property here in dispute) to be issued in the name of Emma Onken, with the understanding that the title and possession thereof

were to remain in him until his death, when said shares of stock were to become the property of said Onken; that upon the issuance of said certificate it was delivered to said Taylor, and that it remained in his possession until he died. It is also alleged that Emma Onken died before M. C. Taylor, and that plaintiff herein acquired said shares of stock with notice of all the circumstances herein related, and that hence she has no valid title to the property.

According to these allegations of the second defense it would appear that no valid gift of the shares of stock was made by Taylor to Onken, and that plaintiff's title is no better than that of Onken, which would constitute a good defense to plaintiff's cause of action. [1] But as it also appears from the record that the matter of plaintiff's title to the property was fully covered and put in issue by the allegations of the complaint and the first defense pleaded, and that the court made a finding thereon, it follows that the defendant was in no manner prejudiced by the ruling complained of.

We think also that the findings of the court are responsive to the issues made by the pleadings, and that they fully support the judgment.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.